# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### SOUTHEASTERN DIVISION

KYLE A. ROBERTS,                )
                                )
           Plaintiff,           )
                                )
     v.                         )          No. 1:14-CV-35-SNLJ
                                )
JEREMIAH W. NIXON,              )
                                )
           Defendant.           )

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Kyle A. Roberts (registration no. 1173831) for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court will grant the motion and assess plaintiff an initial partial filing fee of $1.98. *See* 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court will dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the

greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $9.92, and an average monthly balance of $.12. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $1.98, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and

not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,570 (2007).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.* The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 1950, 51-52.

Moreover, in reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

## The Complaint

Plaintiff, an inmate at the Potosi Correctional Center, seeks monetary and injunctive relief in this 42 U.S.C. § 1983 action against the Governor of Missouri, Jeremiah W. Nixon. Plaintiff complains that Missouri prisoners pay "a marked-up price" for prison commissary items and, as of February 2014, they must also pay a five percent state sales tax on all purchases, which plaintiff refers to as "taxation without representation." Plaintiff alleges that he has "a clearly established right to be free of taxation in prison" and that nothing in the Missouri constitution authorizes "taxing prisons." He further alleges that all his prison funds are "a gift which our people already pay taxes on there [sic] money then we turn around and pay a marked up price and this is hard on us and our innocent people [who] give us gifts." In addition to monetary damages, plaintiff asks this Court to "do away with taxes or grant the right to vote."

## Discussion

At the outset, the Court will dismiss all claims plaintiff is attempting to bring

on behalf of other Missouri inmates, because he lacks standing to do so, and a person not licensed to practice law may not represent another individual in federal court. *See* 28 U.S.C. § 1915(e)(2)(B); *Lewis v. Lenc-Smith Mfg. Co.*, 784 F.2d 829, 830 (7th Cir. 1986) (person not licensed to practice law may not represent another individual in federal court).

As to the merits of plaintiff's claims relative to the over-pricing and taxation of prison commissary items, the Court will dismiss this action as legally frivolous, because these claims simply are not cognizable under § 1983. *See Schmidt v. City of Bella Villa*, 557 F.3d 564, 571 (8th Cir. 2009) (to state a claim under § 1983, plaintiff must allege that (1) defendant acted under color of state law, and (2) defendant's alleged conduct deprived plaintiff of a constitutionally-protected federal right). "Commissary prices implicate no constitutional right . . . [A prisoner has] no constitutionally protected interest in commissary privileges or commissary prices and, certainly, no legal basis for demanding that he be offered commissary items tax-free." *Poole v. Stubblefield*, 2005 WL 2290450, at *2 (E.D. Mo. Sept. 20, 2005); *see also Bright v. Thompson*, 2011 WL 2215011, at *4 (W.D. Ky. June 6, 2011) (inmate has no federal constitutional right to purchase items from a commissary at a certain price and without tax); *Vega v. Rell*, 2011 WL 2471295, at *25 (D. Conn. June 21, 2011) (inmates have no constitutional right to purchase items from a prison commissary, and the Court can discern no federal law that is violated

by requiring inmates to pay state sales tax on their purchases); *Boyd v. Lasher*, 2010 WL 444778, at *2 (E.D. La. Feb. 8, 2010) (inmate's claims of being overcharged for commissary purchases and taxed without representation fail to state a claim of violation of constitutional rights cognizable under § 1983); *Verrette v. Randolph*, 2009 WL 103715, at *9 (E.D. La. 2009) (collection of state taxes on prison commissary purchases does not violate plaintiff's constitutional rights); *Tolbert v. City of Montgomery*, 2008 WL 819067, at *1 (M.D. Ala. Mar. 25, 2008) (inmates have no constitutionally-protected interest in purchasing goods available through the prison commissary, let alone a protected interest in not paying the tax associated with making purchases; such a claim is "patently absurd"); *McCall v. Keefe Supply Co.*, 71 F.App'x 779, 780 (10th Cir. 2003) (inmate's claim that commissary charged outrageous prices failed to state a constitutional claim); *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974) ("[T]he fact that prisoners retain rights under the Due Process Clause in no way implies that these rights are not subject to restrictions imposed by the nature of the regime to which they have been lawfully committed.").

Last, to the extent plaintiff is arguing that charging sales tax on prison commissary purchases violates Missouri law, his assertion fails to state a § 1983 claim. Section 1983 provides relief for invasions of rights protected under federal law. *See Richard v. Cupp*, 2009 WL 840218, at *5 (W.D. La. Mar. 25, 2009) (prisoner's contention that commissary's collection of sales tax violates Louisiana

law fails to state a claim for which relief may be granted under § 1983); *see also Williams v. Hopkins*, 130 F.3d 333, 337 (8th Cir. 1997) (alleged violation of state law does not by itself state claim redressable by § 1983 action); *Bagley v. Rogerson*, 5 F.3d 325 (8th Cir. 1993) (allegation of state law violation, statutory or decisional, does not, in itself, state claim under federal Constitution or § 1983).

For these reasons, the Court will dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial filing fee of $1.98 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the allegations are legally frivolous and fail to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #4] is **DENIED as moot**.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 24th day of April, 2014.

_____
**UNITED STATES DISTRICT JUDGE**